John W. SPATAFORE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 79–0164–T.

United States District Court,
S.D. California.

May 9, 1983.

Sebastian D'Amico, San Diego, Cal., for plaintiff.

Peter K. Nunez, U.S. Atty., Kathryn A. Snyder, Asst. U.S. Atty., San Diego, Cal., Allan B. Goldstein, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## FINDINGS OF FACT

TURRENTINE, Chief Judge.

After trial in this matter on December 19, 1982, and after hearing arguments of counsel, the Court makes the following Findings of Fact:

1. On September 13, 1974, the Commissioner of Internal Revenue made an assessment against John W. Spatafore in the amount of $77,829.60, as his liability for the excise tax on wagers imposed by Section 4401(a) of the Internal Revenue Code, 26 U.S.C. § 4401(a), as then in effect.

2. The assessment covered the months of September, October, November and December of each 1972 and 1973.

3. The amount of $38,804.80 was assessed for the last four months of 1972.

4. The amount of $39,024.80 was assessed for the last four months of 1973.

5. During the latter part of 1972 and throughout 1973 the plaintiff, John W. Spatafore, and others, were targets of an investigation, conducted by the Federal Bureau of Investigations, into illegal bookmaking activities in the San Diego area.

6. Throughout 1973, John W. Spatafore was observed, with one Frank J. Pezzino, engaging in activity indicative of their participating in an illegal bookmaking operation.

7. This investigation culminated in the issuance on November 16, 1973 of an order authorizing Special Agents of the Federal Bureau of Investigations to intercept oral communications on the telephone of one Frank J. Pezzino, telephone number (714) 427–9180, located in Pezzino's apartment in Chula Vista, California.

8. This wiretap was terminated on December 1, 1973. During the course of such wiretap, numerous telephone conversations relating to the operation of an illegal bookmaking operation were monitored and recorded. Verbatim transcripts were prepared, and were received into evidence.

9. On November 19, 1974, John W. Spatafore and Frank J. Pezzino were each indicted by the Grand Jury for the Southern District of California.

10. The indictment set forth three counts, alleging John W. Spatafore's and Frank J. Pezzino's involvement in illegal bookmaking activity.

11. Pezzino was convicted of all three counts of such indictment. Spatafore pled nolo contendre to one count.

12. The verbatim wiretap transcript, and the other evidence presented at trial, establishes that during the last four months of 1973 Spatafore and Pezzino were conducting a bookmaking operation wherein they were accepting bets and wagers on sporting events, principally football, both college and professional.

13. The verbatim wiretap transcript, and the other evidence presented at trial, establishes that, during the last four months of 1973, John W. Spatafore acted as the "principal" or "bookmaker" in such operation while Frank J. Pezzino acted as his "agent" or "phone spot."

14. During the week of November 17, 1973 through November 23, bets and wagers on football games in the total amount of $24,253.00 were accepted by Mr. Pezzino, as agent for Mr. Spatafore, on the wiretapped telephone.

15. The Internal Revenue Service used $24,253 as the average weekly level of football wagers accepted, and extrapolated this figure over the 1972 and 1973 football seasons, September through December of each year, to arrive at the gross amount of wagers accepted, and against which the 10% tax imposed by 26 U.S.C. § 4401, as then in effect, was applied.

16. The 1972 football season was assessed against Spatafore on the basis of an affidavit signed by a bettor, which stated that he placed bets with Pezzino on football games throughout the 1972 football season.

17. The plaintiff, John W. Spatafore, did not produce at trial any records establishing the correct amount of bets and wagers received during the assessment period.

18. The evidence presented by the United States at trial failed to establish that Spatafore was involved in accepting bets and wagers on sporting events during the last four months of 1972.

19. The plaintiff, John Spatafore, failed to prove at trial that the assessment against him of the gambling excise tax for the last four months of 1973 was in error.

20. Any finding of fact set forth herein which is more properly characterized as a conclusion of law, shall be deemed to be a conclusion of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346 and 1396.

2. On September 13, 1974, the Commissioner of Internal Revenue assessed gambling excise taxes against the plaintiff un-

der the provisions of Internal Revenue Code Section 4401, as then in effect. These assessments were for the last four months of each 1972 and 1973.

■ 3. Since the tax assessment carries with it the presumption of correctness, the taxpayer in a tax refund suit bears the burden of proving by a preponderance of the evidence that the determination of the Commissioner, as set forth in the assessment, is erroneous, and must also prove by a preponderance of the evidence the correct amount of tax due, or that no tax is owing.

■ 4. In order for the presumption of correctness to attach to a tax assessment under Internal Revenue Code Section 4401, however, the United States must present some evidence which would tend to support an inference of the taxpayer's involvement in the gambling activity during the period covered by the assessment.

■ 5. The United States failed to produce evidence establishing the plaintiff's involvement in the gambling activity during the period September through December of 1972. Therefore, the Internal Revenue Code Section 4401 assessment for that period cannot be sustained.

■ 6. The United States did produce sufficient evidence establishing the plaintiff's involvement in the gambling activity during the period September through December of 1973.

7. The plaintiff failed to carry his burden of proving that the Commissioner's assessment for the period September through December of 1973 was erroneous.

8. The plaintiff is subject to the 10% tax on wagers as imposed by Internal Revenue Code Section 4401, as then in effect, for the period September through December of 1973, in the amount assessed by the Commissioner, $39,024.80.

9. The plaintiff's complaint shall be dismissed, with prejudice.

10. The United States shall have judgment on its counterclaim in the amount of $39,024.80, less the $7.50 payment made heretofore, plus interest thereon from September 13, 1974, the date of the assessment.

11. Any conclusion of law set forth herein which is more properly characterized as a finding of fact, shall be deemed to be a finding of fact.